**KENTUCKY BAR ASSOCIATION,**
**Petitioner,**

v.

**Juliette Stewart HOUSE, Respondent.**

**No. 2000–SC–0321–KB.**

Supreme Court of Kentucky.

Aug. 24, 2000.

Order Granting Immediate Stay of
Suspension Aug. 29, 2000.

## OPINION AND ORDER

Juliette Stewart House was admitted to practice law in the Commonwealth on April 28, 1989. She is also admitted in Colorado and Utah. By order entered January 7, 2000, effective February 9, 2000, Respondent was suspended from the practice of law in Colorado for a period of one year and one day, with all but ninety (90) days stayed. The Kentucky Bar Association (KBA) moved this Court to direct Respondent to show cause, if any, why reciprocal discipline of a ninety day suspension, and such additional terms as consistent with the suspension order entered by the Colorado Supreme Court, would be unwarranted. Respondent was directed to do so by amended order of the Court entered July 5, 2000. Respondent responded to that order, but has failed, pursuant to SCR 3.435(4) to demonstrate why a ninety day suspension in the Commonwealth should not be imposed.

The Colorado suspension order was based on a stipulation agreement which contained a conditional admission of misconduct by Respondent. The stipulation described the circumstances surrounding the misconduct as follows:

In the latter half of 1998, Respondent agreed to represent Michelle H. Spreier in obtaining an uncontested divorce from Mitchell Spreier. In August 1998, Mr. Spreier tendered to Respondent a check in the amount of $131.00 as an advance of estimated court costs. As part of her representation of Spreier, Respondent agreed to draft and file a petition for dissolution of the Spreiers' marriage, based on the terms previously agreed to by the Spreiers. While Respondent prepared a summons and petition for dissolution, these documents were never filed in court. Respondent believed that the documents had been filed through the law firm for which she worked at the time, but took no steps to verify whether the pleadings had actually been filed. Her belief that the pleadings had been filed continued until after disciplinary proceedings were commenced against her in 1999.

Respondent informed the Spreiers that a divorce could be obtained three months after the dissolution petition had been filed and after the parties submitted a finalized separation agreement to the court. Be-

lieving that the petition had been filed, Respondent represented such to the Spreiers. Respondent drafted a separation agreement which was later revised but never finalized. In August 1998, Ms. Spreier moved to Nevada. Respondent continued to communicate with the Spreiers through the fall of 1998. In October 1998, Respondent moved from her home in Monument, Colorado, to Durango, Colorado. While Ms. Spreier continued to have a working cellular phone number for Respondent, the Spreiers were not notified of Respondent's change of address, nor did Respondent ever attempt to withdraw her representation. Respondent continued to visit Monument, Colorado, after her move to Durango, and spoke with Mr. Spreier in person in December 1998. Throughout her contacts with the Spreiers, Respondent continued to represent that their dissolution pleadings had been filed in district court.

In December 1998, Mr. Spreier contacted the court clerk and learned that the Spreiers' dissolution petition had not been filed. He then contacted Respondent's employer and learned that she no longer worked in that office. Ms. Spreier eventually filed the petition for dissolution of marriage in Nevada and the marriage was dissolved in May 1999 without further contact with Respondent.

At the time of Respondent's move to Durango, the Spreiers had the address and telephone number of the Denver law firm for which Respondent worked. Respondent contended that she had arranged for the law firm to forward any calls or inquiries made of her while she was in Durango. She received no messages indicating that the Spreiers had attempted to contact her at the Denver office. In June 1999, Respondent moved from Durango, Colorado, to Kentucky in order to accept employment with another law firm. For both of her re-locations, Respondent completed United States Post Office change-of-address forms requesting that all mail be forwarded for a one-year period.

Respondent stipulated that she effectively terminated her representation of Ms. Spreier by failing to take further action on the case and by failing to communicate with Ms. Spreier after the fall of 1998. Upon terminating her representation, Respondent failed to take steps to the extent reasonably practicable to protect the Spreiers' interests, by failing to give reasonable notice and by failing to allow time to employ alternate counsel. Finally, Respondent failed to refund the $131.00 in advanced court costs until after she was served notice of the disciplinary proceedings. Nor did she hold the advanced costs in a trust account. Respondent further stipulated that:

1. She "did not complete the services for which she had been retained by Ms. Spreier. She also failed, through negligence, to apply the funds that had been paid to her by Mr. Spreier to the purpose for which they were intended."

2. She "negligently and temporarily converted the funds paid to her by Mr. Spreier to be applied toward costs of the dissolution proceedings."

3. She "made negligent misrepresentations to the Spreiers concerning the status of their case."

4. She violated Colo. RPC 1.3 (a lawyer shall not neglect a legal matter entrusted to that lawyer), which is similar to SCR 3.130–1.3: "A lawyer shall act with reasonable diligence and promptness in representing a client."

5. She violated Colo. RPC 1.16(d) (failure, upon termination of representation, to take steps to the extent reasonably practicable to protect a client's interests), similar to SCR 3.130–1.16(d): "Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering

papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned."

6. She violated Colo. RPC 8.4(c) (conduct involving dishonesty, fraud, deceit or misrepresentation), similar to SCR 3.130–8.3(c): "It is professional misconduct for a lawyer to . . . [e]ngage in conduct involving dishonesty, fraud, deceit or misrepresentation."

As a result of this stipulation and subsequent order of the Colorado Supreme Court, Respondent was suspended from the practice of law for a period of one year and one day, "with all but 90 days of the period of suspension stayed on the condition that the respondent be placed on probation for two years commencing upon the completion of the 90 day suspension" and was subject to certain conditions, including the involvement of a mentor and imposition of a monitoring system for case files.

Pursuant to SCR 3.435(2), upon receipt of a certified copy of an order demonstrating that Respondent had been disciplined in another jurisdiction, this Court issued a notice to Respondent containing:

(a) a copy of said order from the other jurisdiction; and

(b) an order directing that the attorney inform the Court, within twenty (20) days from the service of the notice, of any claim by the attorney . . . that the imposition of the identical discipline in this State would be unwarranted and the reasons therefor.

The KBA contends that pursuant to SCR 3.435(4), Respondent is subject to identical reciprocal discipline in the Commonwealth absent a showing by substantial evidence of:

(a) a lack of jurisdiction or fraud in the out-of-state disciplinary proceeding, or

(b) that [the] misconduct established warrants substantially different discipline in this State.

There is no assertion by Respondent that Colorado lacked jurisdiction or conducted a fraudulent disciplinary proceeding against her. Rather, her response explains her version of the events surrounding her handling of the Spreiers' divorce. Respondent also maintains that her suspension in Colorado did not affect her law practice, since she had moved to Kentucky prior to her knowledge of the complaint filed against her. The focus is not, however, whether Respondent's suspension in the Commonwealth would affect her law practice, but rather, whether her misconduct warrants discipline that is substantially different from that imposed in Colorado. We conclude that it does not. While Respondent has shown that she is complying with the provisions of the Colorado order, including monthly meetings with her supervisor to discuss cases, and while she maintains that she has had no other complaints filed against her, Respondent has failed to show that her misconduct, which she herself stipulated, warrants substantially different discipline in the Commonwealth. Accordingly, it is hereby ordered that:

1. Respondent, Juliette Stewart House is hereby suspended from the practice of law in Kentucky for a period of ninety (90) days, with such additional terms as consistent with the order of suspension entered by the Colorado Supreme Court on January 7, 2000. The period of suspension shall commence on the date of entry of this Opinion and Order and continue until such time as Respondent is reinstated pursuant to SCR 3.510(2).

2. Pursuant to SCR 3.390, Respondent shall, within ten (10) days from the entry of this Opinion and Order, notify all clients in writing of her inability to represent them, and notify all courts in which she has matters pending of her temporary suspension, and furnish copies of said letters of notice to the Director of the Kentucky Bar Association.

All concur.

ENTERED: August 24, 2000.

/s/ Joseph E. Lambert
CHIEF JUSTICE

*ORDER*

On motion of respondent, Juliette Stewart House, and the Court having given due regard to her argument that a 90–day suspension at this time will work an undue hardship on her clients, and the Court being sufficiently advised.

IT IS ORDERED that respondent's motion for immediate stay of her period of suspension is granted. Paragraph 1 on page 6 of this Court's Opinion and Order entered herein on August 24, 2000, is hereby stayed until December 1, 2000, at which time respondent's 90–day suspension shall commence.

Respondent's motion to reconsider imposition of reciprocal discipline is denied.

All concur.

ENTERED: August 29, 2000.

/s/ Joseph E. Lambert
CHIEF JUSTICE