**KENTUCKY BAR ASSOCIATION,**
Movant,

v.

**Patrick Edward MOEVES, Respondent.**

No. 2009–SC–000270–KB.

Supreme Court of Kentucky.

Oct. 1, 2009.

Opinion Granting Modification
Nov. 25, 2009.

*OPINION AND ORDER*

The Respondent was admitted to the practice of law in the Commonwealth of

Kentucky on October 13, 1995. His KBA member number is 86081 and his bar roster address is 178 Tando Way, Covington, Kentucky, 41017. Movant, pursuant to SCR 3.435, requested this Court to direct Respondent to show cause why he should not be given reciprocal discipline of a two year injunction prohibiting his *pro hac vice* practice in Ohio as ordered by the Ohio Supreme Court.

On September 16, 2008, the Supreme Court of Ohio entered an Order prohibiting the Respondent from practicing law in Ohio [1] for a period of two years.[2] The Order was promulgated on the Court's established facts which revealed that the Respondent's law firm, Brooking, Halloran, and Moeves, entered into an agreement to provide representation to customers of Foreclosure Solutions, an Ohio company that offers to help homeowners threatened with foreclosure. Under the arrangement (engineered by the Respondent), the firm represented approximately 2,000 clients in Ohio foreclosure proceedings during 2005 and 2006. The firm was paid $125.00, and later, $150.00 per case by Foreclosure Solutions. The Respondent, his partner, and associates, represented Foreclosure Solutions' customers against foreclosure in the common pleas courts of seventeen Ohio counties. The Respondent himself (*pro hac vice*) represented clients in several counties. Foreclosure Solutions solicited customers and charged between $700.00 and $1,100.00 for the company's services, the goal of which was to stall pending foreclosures while trying to negotiate a settlement with the lender.

Foreclosure Solutions is not a licensed or accredited consumer-credit-counseling agency, nor are any of its employees licensed to practice law. When or if a foreclosure action was filed, Foreclosure Solutions would send Respondent's firm a standardized form with the client's information along with a check for a flat fee.

As the foreclosure action progressed, the Respondent, or a person from his firm, would respond with standardized pleadings, filings, etc., with a copy to the clients. If a settlement was negotiated by Foreclosure Solutions, the case would be dismissed. Few were tried, but those that were usually resulted in judgments for the lender. In that case, the Respondent's firm sent the client a form letter recommending the client contact a bankruptcy lawyer. No one in the firm met with the clients or considered other remedies.

The Ohio Supreme Court found the Respondent violated the following provisions of the Ohio Rules of Professional Conduct:

DR 2–103(C)—using "a person or organization to recommend or promote the use of the lawyer's services ... as a private practitioner." (SCR 3.130–7.20);

DR 3–101(A)—aiding non-lawyers in the unauthorized practice of law. (SCR 3.130–5.5);

DR 3–102(A)—sharing legal fees with non-lawyers. (SCR 3.130–5.4(a));

DR 3–103(A)—forming a partnership with a non-lawyer if any activities of the partnership consist of the practice of law. (SCR 3.130–5.4(b));

DR 6–101(A)(2)—handling a legal matter without preparation adequate under the circumstances; failing to investigate and evaluate each client's assets, etc., in order to assess the opportunity presented by existing law. (SCR 3.130–1.1); and

DR 7–101(A)(1)—intentionally failing to seek a client's lawful objectives, failing to investigate and evaluate each client's as-

---

**1.** The Respondent was admitted *pro hac vice* in Ohio on the conduct in question.

**2.** *Cincinnati Bar Association v. Mullaney,* 119 Ohio St.3d 412, 894 N.E.2d 1210 (2008).

sets, etc., in order to assess the opportunities presented by existing law. (SCR 3.130–1.2(a)).

In considering the proper discipline, the Ohio Supreme Court considered mitigating and aggravating factors. In mitigation, the Court noted the absence of prior discipline, Respondent's cooperation, and the fact that the firm ceased such conduct after the filing of a complaint. Aggravating factors include the fact that Respondent was a seasoned practitioner, Respondent was the mastermind behind the scheme with Foreclosure Solutions, and the victims harmed by Respondent's scheme were in desperate financial conditions and more vulnerable to the plan of "dubious value".

After considering the facts, the mitigating factors, and the aggravating factors, the Ohio Supreme Court barred the Respondent from practicing *pro hac vice* in Ohio for a period of two years. The Movant, Kentucky Bar Association, requested that this Court direct Respondent to show cause why he should not be given reciprocal discipline in Kentucky pursuant to SCR 3.435. This Court did order the Respondent to show cause, if any, as to why he should not receive reciprocal discipline in this Court, and, whether that discipline would be a two year suspension from the practice of law in the Commonwealth.

Respondent filed a response on June 25, 2009, giving three reasons for not imposing a two year suspension. Respondent alleges that the Ohio Supreme Court erred in its fact findings and conclusions of law; that, pursuant to SCR 3.530(5), he had requested an "ethics hot line opinion" prior to said representation that was in his favor; and that regardless of the first two reasons, reciprocal discipline of a two year suspension is not appropriate in this case.

■ Respondent's first argument admits that he was subject to discipline in Ohio and admits to the conduct as found by the Ohio Supreme Court. However, he argues that the legal conclusions drawn therefrom are incorrect and unfair; that he could not afford to object or appeal, or risk greater or more serious sanctions by contesting the original report and findings from the Cincinnati Bar Association (the basis of the Ohio Supreme Court's findings and conclusions). SCR 3.435(5) states that "a final adjudication in another jurisdiction that an attorney has been guilty of misconduct shall establish conclusively the misconduct for purposes of a disciplinary proceeding in this State." Where there is no assertion that the disciplining state lacked jurisdiction or conducted a fraudulent disciplinary proceeding, this Court will not retry the case but simply decide whether the misconduct warranted discipline different from the state conducting the original disciplinary proceedings. *See Kentucky Bar Ass'n v. House,* 34 S.W.3d 373, 375 (Ky.2000). Therefore, the attorney misconduct established by the Ohio Supreme Court is conclusive for purposes of the disciplinary proceedings in this State. SCR 3.435(5).

■ Respondent also argues that even if Ohio found the misconduct occurred, that the "ethics hot line opinion" issued pursuant to SCR 3.530(5) protects him from disciplinary action in this State. In this regard, Respondent alleges that prior to engaging in the above activity, that he, on November 12, 2003, made an informal request to a member of the Ethics Committee concerning the ethics involved in representing Foreclosure Solutions and their clients; that on November 13, 2003, he followed up his informal request by a phone call to the Ethics Hotline to discuss further his potential representation; that the opinion was permissive; and that he sought a written informal opinion (SCR 3.530), which he received but cannot locate.

Respondent also purports to have had a follow-up conversation with the member of the Ethics Committee. Respondent attaches no supporting documentation from the Director, the Chair of the Ethics Committee, nor the individual member of the Ethics Committee. Without knowing exactly what facts the Ethics Committee ruled on, we cannot give the respondent the benefit of SCR 3.530(5). See *Harris v. Jackson*, 192 S.W.3d 297 (Ky.2006), for how the procedure should work.

Finally, Respondent contends that notwithstanding the Ohio discipline, the misconduct warrants a substantially different punishment in Kentucky than a two year suspension. We believe this argument has merit because a two year suspension in Kentucky is not the same as an injunction prohibiting his *pro hac vice* practice in Ohio for two years. The Ohio discipline allows respondent to practice anywhere except Ohio. Because he is only licensed in Kentucky, a two year Kentucky suspension would prohibit Respondent from practicing anywhere, not just Ohio. This would have been an easier case if the Respondent were also licensed in Ohio, as was his partner, John Brooking, or his former associate, Darren Joseph Mullaney. Both Brooking and Mullaney were charged in Ohio with our Respondent (Moeves) for the same conduct, although Respondent was designated the mastermind behind the scheme. *See Cincinnati Bar Association v. Mullaney*, 119 Ohio St.3d 412, 894 N.E.2d 1210, 1218–1219 (2008). Mullaney received a public reprimand. Brooking received a one year suspension, stayed on the condition that he commit no further misconduct. Respondent, not being a member of the Ohio Bar, received the injunction prohibiting his *pro hac vice* practice in Ohio for two years.

■ In trying to convert the Ohio discipline to an appropriate Kentucky discipline, we take note of the Ohio Supreme Court's discussion in its decision wherein the Court, after reviewing the conduct, states, "[i]n these situations, we have imposed sanctions ranging from a public reprimand to a one-year suspension from the practice of law." *Id.* at 1217. Clearly the Ohio court was considering the range of public reprimand (which it gave Mullaney) to a one year suspension (which it gave Brooking, but stayed). Even the two year injunction on Respondent only kept him from practicing in Ohio. This suggests that *if* Respondent had been admitted to the Ohio Bar, he would likely have received a similar sanction as Brooking—one year suspended or stayed for one or two years.

Under SCR 3.380, upon a finding of a violation of our rules, we may impose a "private reprimand, public reprimand, suspension from practice for a definite time, all of which may be with or without such conditions as the Court may impose, or permanent disbarment." The closest reciprocal discipline we have in Kentucky that would still allow Respondent to practice in Kentucky would be a one year suspension, conditionally suspended for two years on the condition that no further charges are brought against him within two years.

ACCORDINGLY, THE RESPONDENT, PATRICK EDWARD MOEVES, has not shown cause why identical reciprocal discipline should not be imposed, and this Court ORDERS

1. That Respondent be and is hereby suspended from the practice of law in this Commonwealth for one year, suspended or conditionally discharged for two years on the condition that Respondent have no further charges brought against him within two years of the date of this Court's order;

2. That under SCR 3.390, Respondent shall, within ten days from the entry of

this Opinion and Order, notify, in writing, all courts in which he has matters pending and all clients he is currently representing of his inability to provide further legal services and provide the Executive Director of the Kentucky Bar Association with a copy of all such notice letters, or with a certification that he has no active clients, whichever is applicable. In addition, to the extent possible, Respondent shall immediately cancel and cease any advertising activities in which he is engaged; and

3. In accordance with SCR 3.450, Respondent shall pay all costs associated with these disciplinary proceedings against him and for which execution may issue from this Court upon finality of this Opinion and Order.

All concur. VENTERS, J., not sitting.

### *OPINION AND ORDER*

JOHN D. MINTON, JR., Chief Justice.

■ Patrick Edward Moeves, whose KBA member number is 86081 and whose bar roster address is 178 Tando Way, Covington, Kentucky, 41071, moves this Court to modify its Opinion and Order issued on October 1, 2009, which suspended him from the practice of law in this Commonwealth for one year, but stayed the suspension for two years on the condition that no further charges be brought against him during the two year period. Moeves contends that the second paragraph in the Order portion of its Opinion requires him to comply with the notice requirements set forth in SCR 3.390, which are typically only applicable when an attorney has been disbarred or suspended for more than sixty days. Because Moeves's discipline was conditionally suspended for two years and because he was still permitted to practice law in this Commonwealth, he contends that he should not be required to notify

the courts and his clients of his inability to provide further legal services and that the second paragraph from this Court's Order should be removed. In its response to this motion, the KBA states that it has no objection to Moeves's requested modification. Agreeing that this Court's October 1, 2009 Order contained inconsistent language, we grant Moeves's motion and direct that the second paragraph of the Order section, which required Moeves to comply with the notice requirements set forth in SCR 3.390, be removed.

Moeves was admitted to practice law in this Commonwealth on October 13, 1995, and was also admitted to practice law in Ohio on a *pro hac vice* basis. On September 16, 2008, the Supreme Court of Ohio barred Moeves from practicing *pro hac vice* in Ohio for a period of two years due to his violation of several provisions of the Ohio Rules of Professional Conduct. Following this Court's Order requiring Moeves to show cause why he should not be subject to reciprocal discipline in Kentucky, Moeves filed a response on June 25, 2009, arguing that the identical discipline of a two year suspension was not appropriate in this reciprocal discipline case. Agreeing that "a two year suspension in Kentucky is not the same as an injunction prohibiting his pro hac vice practice in Ohio for two years," this Court determined that it should not impose the identical discipline from Ohio in this case. Instead, this Court concluded that "[t]he closest reciprocal discipline we have in Kentucky that would still allow Respondent to practice in Kentucky would be a one year suspension, conditionally suspended for two years on the condition that no further charges are brought against him within two years."

Although the first paragraph of the Order section of this Court's Opinion and Order imposes the above referenced disci-

pline, noting that Moeves's discipline is suspended for two years on the condition that no further charges are brought against him, the second paragraph requires him to comply with the notice requirements of SCR 3.390. Although SCR 3.390 applies when this Court imposes a disbarment or a suspension of more than sixty days, in this case, this Court specifically stated that the discipline imposed on Moeves would still permit him to practice law in Kentucky because it would be conditionally suspended for two years. Therefore, SCR 3.390 does not apply in this case and there is no need for Moeves to notify the courts of this Commonwealth or his clients of his inability to provide legal services in Kentucky. Thus, this Court's October 1, 2009 Opinion and Order is modified so that paragraph number 2 on page 8, which orders Moeves to comply with SCR 3.390, is removed.

All sitting. All concur.