**KENTUCKY BAR ASSOCIATION,**
Movant

v.

**Juliette Alane HOUSE, Respondent.**

No. 2012–SC–000255–KB.

Supreme Court of Kentucky.

Aug. 23, 2012.

*OPINION AND ORDER*

Juliette Alane House[1] was admitted to practice law in Kentucky in 1989.[2] In

---

1. Kentucky Bar Association (KBA) Member No. 82893, bar roster address, P.O. Box 168, Crestwood, Kentucky 40014.

2. She is also admitted to practice law in Colorado and Utah.

December 2011, the Inquiry Commission issued a five-count Charge against House for violating Kentucky Supreme Court Rules (SCR) 3.130–1.3, 3.130–1.4(b), 3.130–1.16(d), 3.130–8.1(b), and 3.130–8.4(c).[3] The Charge relates to misconduct in House's representation of Terry Scott.

Before the Court is the Board of Governors' Findings of Fact, Conclusions of Law, and Recommendations of April 2012, which found House guilty of violating the Kentucky Rules of Professional Conduct, as charged in all five counts. The Board of Governors recommends that House be suspended from the practice of law for 181 days and be ordered to pay the costs of the proceeding. For the reasons set forth below, we adopt the Board's decision because we find House guilty of the issued charges. We recognize House's permanent disbarment on June 21, 2012, and, therefore, do not impose sanctions.

## I. KBA FILE NO. 19526.

Terry Scott retained House in November 2005 to represent him regarding injuries he suffered in an automobile accident. For several years, House informed Scott that she was working on the matter. But Scott never saw any paperwork related to his case. When Scott expressed a concern about the statute of limitations, House assured him that she would timely file suit. In December 2009, House informed Scott that she could no longer represent him because he lived in Indiana, the automobile accident occurred in Indiana, and "she had used up her quota for cases in that state."

Scott then retained other counsel who investigated Scott's case. Scott's replacement counsel learned that House had filed a claim with the carrier of the at-fault party on Scott's behalf. But House failed to respond to settlement offers and did not file suit within the applicable statute of limitations. And House failed to turn over Scott's file, despite numerous attempts by his new counsel to recover it.

Scott filed suit against House in Jefferson Circuit Court in June 2010 for failing to file suit in the matter of his automobile accident within the statute of limitations. House filed a general denial in the case. In August 2011, the circuit court entered a summary judgment in favor of Scott and against House, awarding Scott $560,000, plus costs.

The attorney who represented Scott in his malpractice suit filed a complaint against House with the Kentucky Bar Association (KBA) in May 2010. The complaint and a letter requesting additional information regarding the complaint were mailed to House at her bar roster address. House failed to respond to the complaint and request for information.

In February 2011, Scott filed a complaint against House with the KBA.[4] House responded, claiming that she never represented Scott although she did write some letters for him. The Inquiry Commission issued a five-count Charge against House for violating: (1) SCR 1.130–1.3,[5] by failing to timely file a civil action for Scott before the applicable statute of limitations

---

**3.** The events that gave rise to this matter occurred both before and after the July 2009 amendments to the Kentucky Rules of Professional Conduct went into effect. So we apply the Kentucky Rules of Professional Conduct in effect after July 2009.

**4.** This complaint was based on the same underlying facts as the complaint filed by Scott's

counsel. The Inquiry Commission dismissed the complaint filed by Scott's counsel and proceeded on Scott's complaint.

**5.** SCR 3.130–1.3 provides, "A lawyer shall act with reasonable diligence and promptness in representing a client."

lapsed; (2) SCR 3.130–1.4(b),[6] by undertaking initial representation of Scott in November 2005 without informing him until December 2009 that she could not represent him in Indiana because she was not licensed to practice law in that state; (3) SCR 3.130–1.16(d),[7] by not surrendering Scott's file to subsequent counsel despite several efforts by counsel to obtain the file; (4) SCR 3.130–8.1(b),[8] by failing to respond to a bar complaint filed by Scott's counsel; and (5) SCR 3.130–8.4(c),[9] by informing Scott that she could not continue to represent him in Indiana because "she had used up her quota for cases in that state" when no such quota existed.

The Charge was served on House by certified mail on January 9, 2012. When House did not file an answer, a reminder letter was sent to House on February 2, 2012, affording House an additional ten days to file. Well after the deadline to submit an answer to the Charge passed, House filed a motion for an extension of time and tendered an answer.[10] In March 2012, the Inquiry Commission denied the

motion for extension of time; and the case was sent to the Board of Governors as a default case under SCR 3.210(1).

## II. BOARD OF GOVERNORS' CONCLUSIONS OF LAW AND RECOMMENDATION.

■ The Board of Governors unanimously[11] found House guilty of all the counts as alleged in the Charge. The Board considered House's prior misconduct and discipline. In 2000, House was suspended for ninety days for violations of three of the same rules violated in this case.[12] House received a private admonition in 2007 for failing to keep a client reasonably informed, in violation of SCR 3.130–1.4(a). And, in 2009, she received a private admonition for violating SCR 3.130–3.4(f), by threatening to file a bar complaint solely to gain an advantage in a civil matter.

The Board unanimously voted to recommend that House be suspended from the

---

6. 3.130–1.4(b) reads, "A lawyer shall promptly comply with reasonable requests for information."

7. SCR 3.130–1.16(d) states, "Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law."

8. SCR 3.130–8.1(b) provides, "An applicant for admission to the bar, or a lawyer in connection with a bar admission application or in connection with a disciplinary matter, shall not (b) fail to disclose a fact necessary to correct a misapprehension known by the person to have arisen in the matter, or knowingly

fail to respond to a lawful demand for information from an admissions or disciplinary authority, except that this Rule does not require disclosure of information otherwise protected by Rule 1.6."

9. SCR 3.130–8.4(c) reads, "It is professional misconduct for a lawyer to: engage in conduct involving dishonesty, fraud, deceit[,] or misrepresentation."

10. SCR 3.200 required House to file an answer within twenty days after receiving notice of the charge on January 9, 2012. So the answer was due on January 30, 2012. But House did not file the motion for an extension of time and tender her answer until February 20, 2012.

11. One member of the Board was recused from this case.

12. *Kentucky Bar Ass'n v. House*, 34 S.W.3d 373 (Ky.2000).

practice of law for 181 days, consecutive to any other discipline, plus payment of costs.

### III. CONCLUSION.

█ Because the Board's findings and conclusions are supported by the record and the law, we do not elect to review the decision. And we adopt the decision of the Board of Governors.[13] We agree that House violated the Rules of Professional Conduct and that a 181–day suspension is an appropriate sanction for these violations. We also recognize that House was permanently disbarred from the practice of law in Kentucky, effective June 21, 2012.

For the foregoing reasons, the Court ORDERS:

1) Juliette Alane House, KBA Member No. 82893, is guilty of all charges alleged in KBA File No. 19526; and

2) The Board of Governors' recommendation to suspend House from the practice of law for 181 days and pay costs is rendered moot as a result of House's permanent disbarment on June 21, 2012.

All sitting. All concur.

ENTERED: August 23, 2012.

/s/ John D. Minton, Jr.
    Chief Justice